1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10                                  OAKLAND DIVISION
11
12  UNITED STATES OF AMERICA,        )   No. CR 09 - 0504 CW
                                     )   [Filed May 12, 2009]
                   Plaintiff,        )
13        v.                         )
                                     )
14                                   )
    SHOLEH A. HAMEDANI,              )
15  NASSER V. HAMEDANI,              )
                                     )
16                 Defendants.       )
   _____)
17                                   )
    SECURITIES AND EXCHANGE          )   No. C 06 - 06003 CW
18  COMMISSION,                      )   [Filed September 27, 2006]
                   Plaintiff,        )
19                                   )
         v.                          )
20                                   )
    THE CHILDREN'S INTERNET, INC.,   )
21  *et al.*,                        )
                                     )
22                 Defendants.       )
   _____)
23

24        WHEREAS, the government has provided discovery to counsel for both defendants and

25  where the documents and images provided to date are in excess of 50,000 imaged pages, such

26  that the parties consider this matter to be complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

27        WHEREAS, counsel for the defendants are in the process of reviewing the discovery

28  produced to date and need additional time to complete the review and analysis of the discovery

1   provided by the government to date, in order to effectively prepare for the defense of this matter,

2   pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

3        WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this

4   matter is appropriate given the complexity of the matter and the need for effective preparation of

5   counsel and where the next available date where all counsel are available is November 18, 2009,

6   such that there is a need for a continuance to such date based on continuity of counsel, pursuant

7   to 18 U.S.C. § 3161(h)(7)(B)(iv);

8        THEREFORE, the parties mutually and jointly stipulate that the matter should be

9   continued, based on the complexity of this case, the need for effective preparation of counsel,

10   and the need for continuity of counsel, and the parties jointly request that the Court continue the

11   matter until **Wednesday, November 18, 2009, at 2:30 p.m.**  The parties agree that continuing

12   the case until November 18, 2009, is necessary, given the complexity of the case (which involves

13   charges of securities fraud and obstruction of justice), the need for defense counsel to review and

14   analyze a large amount of discovery, and the need to maintain continuity of counsel.   The

15   parties also agree that failing to grant a continuance would deny counsel for the defense the

16   reasonable time necessary for effective preparation and continuity of counsel, taking into

17   account the exercise of due diligence.  <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(iv).

18        The parties also agree, and the Court has found previously, that the case involves

19   government allegations of a complicated fraud scheme with substantial evidence, both paper and

20   electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the

21   prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect

22   adequate preparation for pretrial proceedings or for the trial itself within the time limits

23   established by the Speedy Trial Act."  <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(ii).

24        Finally, the parties agree that the ends of justice served by excluding time until

25   November 18, 2009,

26

27

28   //

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                      2

1  outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. §
2  3161(h)(7)(A).
3  **STIPULATED:**
4
5  DATED:9/16/09                              /s
                                              JOHN PAUL REICHMUTH
6                                             Attorney for SHOLEH A. HAMEDANI
7
8
9  DATED: 9/16/09                             /s
                                              RANDY SUE POLLOCK
10                                            Attorney for NASSER V. HAMEDANI
11
12
13  DATED:9/16/09                             /s
                                              TIMOTHY J. LUCEY
14                                            Assistant United States Attorney
15
16  I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.
17
18                                    **ORDER**
19      For good cause shown, the Court continued the matter until **Wednesday, November 18,**
20  **2009, at 2:30 p.m.**
21      Time previously has been excluded in the case until September 16, 2009, and the Court
22  enters this order excluding time from September 16, 2009, up to and including November 18,
23  2009.  Specifically, the parties agree, and the Court finds and holds that such that time should be
24  excluded until November 18, 2009, and furthermore that failing to grant a continuance until
25  November 18, 2009, would unreasonably deny the defendant continuity of counsel, and also
26  would deny defense counsel the reasonable time necessary for effective preparation, taking into
27  account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).
28      The parties also agree, and the Court finds and holds, that the case involves government

1  allegations of a complicated fraud scheme with substantial evidence, both paper and electronic,
2  and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or
3  the existence of novel questions of fact or law, that it is unreasonable to expect adequate
4  preparation for pretrial proceedings or for the trial itself within the time limits established" by
5  the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii). Finally, the parties agree, and the
6  Court finds and holds, that the ends of justice served by excluding time from September 16,
7  2009, through November 18, 2009, outweigh the best interest of the public and the defendant in a
8  speedy trial. Id. § 3161(h)(7)(A).

9  **IT IS SO ORDERED.**

11 **DATED: September 16, 2009**          _____
12                                          **HON. CLAUDIA WILKEN**
                                           **United States District Judge**

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                         4