1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR 09 - 0504 CW |
| | ) | [Filed May 12, 2009] |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SHOLEH A. HAMEDANI, | ) | |
| NASSER V. HAMEDANI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SECURITIES AND EXCHANGE | ) | No.  C 06 - 06003 CW |
| COMMISSION, | ) | [Filed September 27, 2006] |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CHILDREN'S INTERNET, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

WHEREAS, the government has provided discovery to counsel for both defendants and where the documents and images provided to date are in excess of 50,000 imaged pages, such that the parties consider this matter to be complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

WHEREAS, counsel for the defendants are in the process of reviewing the discovery produced to date and need additional time to complete the review and analysis of the discovery

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    1

1   provided by the government to date, in order to effectively prepare for the defense of this matter,

2   pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

3          WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this

4   matter is appropriate given the complexity of the matter and the need for effective preparation of

5   counsel and where the next available date where all counsel are available is August 25, 2010,

6   such that there is a need for a continuance to such date based on continuity of counsel, pursuant

7   to 18 U.S.C. § 3161(h)(7)(B)(iv);

8          WHEREAS, counsel for defendant Sholeh A. Hamedani is unavailable for the status

9   hearing date of July 15, 2010, as a result of family leave;

10         THEREFORE, the parties mutually and jointly stipulate that the matter should be

11  continued, based on the complexity of this case, the need for effective preparation of counsel,

12  and the need for continuity of counsel, and the parties jointly request that the Court continue the

13  matter until **Wednesday, August 25, 2010, at 10:00 a.m.** on the calendar of the criminal duty

14  magistrate of the Oakland Division of this Court.

15         The parties agree that continuing the case until Wednesday, August 25, 2010, is

16  necessary, given the complexity of the case (which involves charges of securities fraud and

17  obstruction of justice), the need for defense counsel to review and analyze a large amount of

18  discovery, and the need to maintain continuity of counsel.   The parties also agree that failing to

19  grant a continuance would deny counsel for the defense the reasonable time necessary for

20  effective preparation and continuity of counsel, taking into account the exercise of due diligence.

21  See 18 U.S.C. § 3161(h)(7)(B)(iv).

22         The parties also agree, and the Court has found previously, that the case involves

23  government allegations of a complicated fraud scheme with substantial evidence, both paper and

24  electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the

25  prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect

26  adequate preparation for pretrial proceedings or for the trial itself within the time limits

27  established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(7)(ii).

28         Finally, the parties agree that the ends of justice served by excluding time until

STIPULATION AND [~~PROPOSED~~] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    2

1  Wednesday, August 25, 2010, outweigh the best interest of the public and the defendant in a

2  speedy trial. Id. § 3161(h)(A).

3

4  **STIPULATED:**

5

6  DATED: July 30, 2010                                   /S/
                                               JOHN PAUL REICHMUTH
7                                              Attorney for SHOLEH A. HAMEDANI

8

9

10  DATED: July 30, 2010                                  /S/
                                               RANDY SUE POLLOCK
11                                             Attorney for NASSER V. HAMEDANI

12

13

14  DATED: July 30, 2010                                  /S/
                                               TIMOTHY J. LUCEY
15                                             Assistant United States Attorney

16

17                                  **<u>ORDER</u>**

18        For good cause shown, the Court continued the matter until **<u>Wednesday, August 25,</u>**

19  **<u>2010, at 10:00 a.m.,</u>** on the calendar of the criminal duty magistrate for the Oakland Division of

20  this Court.

21        Time previously has been excluded in the case until July 15, 2010, and the Court enters

22  this order excluding time from July 15, 2010, up to and including August 25, 2010. Specifically,

23  the parties agree, and the Court finds and holds that such that time should be excluded until

24  August 25, 2010, and furthermore that failing to grant a continuance until August 25, 2010,

25  would unreasonably deny the defendant continuity of counsel, and also would deny defense

26  counsel the reasonable time necessary for effective preparation, taking into account the exercise

27  of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

28        The parties also agree, and the Court finds and holds, that the case involves government

STIPULATION AND [~~PROPOSED~~] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    3

allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii). Finally, the parties agree, and the Court finds and holds, that the ends of justice served by excluding time from July 15, 2010, through August 25, 2010, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

   **IT IS SO ORDERED.**


**DATED: August 4, 2010**

_____
**LAUREL BEELER**
**United States Magistrate Judge**

STIPULATION AND [~~PROPOSED~~] ORDER
_United States v. Hamedani_
[CR 09 - 0504 CW]                    4