MELINDA HAAG (CASBN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Acting Criminal Chief

TIMOTHY J. LUCEY (CASBN 172332)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California  94102
    Telephone: (415) 436-7232
    Facsimile: (415) 436-7152
    Email: Timothy.Lucey@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br>     v.<br><br>SHOLEH A. HAMEDANI,<br>NASSER V. HAMEDANI,<br>                Defendants. | No.  CR 09 - 0504 CW<br>[Filed May 12, 2009] |

       WHEREAS, the parties appeared before the Duty Magistrate Judge Donna M. Ryu, on August 25, 2010, with appearances by Assistant United States Attorney Timothy J. Lucey as well as Randy Sue Pollock, Esq., for Nasser V. Hamedani, and Assistant Federal Public Defender John Paul Reichmuth, for Sholeh A. Hamedani, for status and trial setting;

       WHEREAS, the Government proposed that, in light of Mr. Reichmuth's forthcoming leave of absence from the office, from September 1, 2010 until March 1, 2011, and that Ms. Pollock was scheduled to begin a complicated federal criminal trial in or about March or April 2011, defense counsel had represented that the first available date on which both defense counsel could be both available and effectively prepared to conduct a trial of this matter was in or about October 17, 2011;

WHEREAS, all parties also agreed that discovery had been provided to defense counsel for both defendants and where the documents and images provided to date are in excess of 50,000 imaged pages, such that the parties had previously agreed and the Court had confirmed this matter to be complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

WHEREAS, counsel for the parties jointly agree and stipulate that a scheduling of this matter for trial on October 17, 2011, at 8:30 a.m., before the Honorable Claudia Wilken, is appropriate given the complexity of the matter and the need for effective preparation of counsel and where the next available date where all counsel are available is August 25, 2010, such that there is a need for a continuance to such date based on continuity of counsel and effective preparation of counsel, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

WHEREAS, parties further agreed that a status hearing should be conducted in the period after Mr. Reichmuth returns from his leave of absence, on April 4, 2011, at 10:00 a.m., before the Duty Magistrate as designated by the Court in order to allow the parties and the Court to assess any issues relative to preparation of the matter for trial on October 17, 2011;

WHEREAS, the parties further agreed that the pretrial conference should be held on September 7, 2011, at 2:30 p.m., before the Honorable Claudia Wilken, pursuant to the Court's standing order for pretrial preparation;

WHEREAS, counsel for both defendants advised the Court that they had inadvertently misinformed their clients about the aforesaid appearance on August 25, 2010 but that government counsel did not object to their nonappearance, so long as each defendant subsequently affirmed in writing their counsels' agreement to the October 17, 2011, and waiver of time under the Speedy Trial Act based on complexity, effective preparation of counsel, and continuity of counsel, as forth in open court on August 25, 2010, and as further stipulated in this filing;

THEREFORE, based on the complexity of this case, the need for effective preparation of counsel, and the need for continuity of counsel, the parties jointly requested that the Court set the matter for trial on **October 17, 2011, at 8:30 a.m.,** before the Honorable Claudia Wilken, with a status hearing on April 4, 2011, at 10:00 a.m. before the Duty Magistrate, and a pretrial

1   conference on September 7, 2011, at 2:30 p.m., before the Honorable Claudia Wilken.on the
2   calendar of the criminal duty magistrate of the Oakland Division of this Court.

3         The parties also agreed that continuing the case until a trial of the matter on October 17,
4   2011, is necessary, given the complexity of the case (which involves charges of securities fraud
5   and obstruction of justice), the need for defense counsel to review and analyze a large amount of
6   discovery, and the need to maintain continuity of counsel, in light of Mr. Reichmuth's leave of
7   absence between September 1, 2010 and March 1, 2011, and Ms. Pollock trial schedule in the
8   spring of 2011.  The parties also agreed that failing to grant a continuance would deny counsel
9   for the defense the reasonable time necessary for effective preparation and continuity of counsel,
10  taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

11        The parties also agreed, and the Court has found previously, that the case involves
12  government allegations of a complicated fraud scheme with substantial evidence, both paper and
13  electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the
14  prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect
15  adequate preparation for pretrial proceedings or for the trial itself within the time limits
16  established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(7)(ii).

17        Finally, the parties agreed that the ends of justice served by excluding time until October
18  17, 2011, outweigh the best interest of the public and the defendant in a speedy trial.  Id. §
19  3161(h)(A).

20        Finally, the parties stipulated that defendant's appearance before the Court on August 25,
21  2010 was hereby waived, upon the defendant's personal execution of this stipulation and
22  corresponding agreement to the aforesaid date for trial and waiver of time under the Speedy Trial
23  Act between August 25, 2010 up to and including October 17, 2011.

24

25  **STIPULATED:**

26

27  DATED: November 5, 2010           /s/
                                              JOHN PAUL REICHMUTH
28                                            Attorney for SHOLEH A. HAMEDANI

DATED: November 5, 2010            /s/
                                   SHOLEH A. HAMEDANI


DATED: November 5, 2010            /s
                                   RANDY SUE POLLOCK
                                   Attorney for NASSER V. HAMEDANI


DATED: November 5, 2010            /s/
                                   NASSER V. HAMEDANI


DATED: November 5, 2010            /s/
                                   TIMOTHY J. LUCEY
                                   Assistant United States Attorney

## ORDER

For good cause shown, the Court continued the matter until **October 17, 2011, at 8:30 a.m.,** for trial of the matter before the Honorable Claudia Wilken.   The Court also set a status hearing to be conducted on April 4, 2011, at 10:00 a.m., before the Duty Magistrate; the Court also sets a pretrial conference to be conducted on September 7, 2011, at 2:30 p.m., before the Honorable Claudia Wilken.

Time previously has been excluded in the case until August 25, 2010, and the Court enters this order excluding time, as already set forth on the record in open court on August 25, 2010, from August 25, 2010, up to and including October 17, 2011.

Specifically, the parties agreed, and the Court found and held that such that time should be excluded until October 17, 2011, based on the representations made by Mr. Reichmuth and Ms. Pollock about their availability and trial schedule between August 25, 2010, and October 17, 2011, as set forth in open court and in this stipulation, and furthermore that failing to grant a continuance until October 17, 2011, would unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §

1  3161(h)(8)(B)(iv).

2        The parties also agreed, and the Court found and held, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  Finally, the parties agree, and the Court finds and holds, that the ends of justice served by excluding time from July 15, 2010, through October 17, 2011, outweigh the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).

      Finally, the Court waived the appearance of defendants at this hearing, in light of the explanation offered by their counsel, and the nonobjection of government counsel, and in light of the execution by each defendant of this stipulation as to the aforesaid trial date and other scheduling dates and exclusion of time under the Speedy Trial Act between August 25, 2010, up to an including October 17, 2011.

**IT IS SO ORDERED.**

**DATED:  11/15/2010**  
                                      **HON. DONNA M. RYU**  
                                      **United States Magistrate Judge**